1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

GEORGE AND PEGGY DVORAK, )
husband and wife, )
                                   )
                     Plaintiffs, )
                                   )
         vs. )
                                     )
AMC MORTGAGE SERVICES, )
INC., a Delaware Corporation, )
                                   )
                                   )
                     Defendant. )
_____ )

No. CV-06-5072-LRS

**ORDER GRANTING
MOTION FOR SUMMARY
JUDGMENT,** ***INTER ALIA***

**BEFORE THE COURT** is the Defendant's Motion For Summary Judgment (Ct. Rec. 29).

       Oral argument was heard on November 21, 2007.  George Fearing, Esq., appeared on behalf of Plaintiffs.  Tim Filer, Esq., appeared on behalf of Defendant. This written order memorializes and supplements rulings the court made from the bench at the hearing.

**I. BACKGROUND**

       This case was removed to this court from Franklin County Superior Court based on federal question jurisdiction.  In their Second Amended Complaint (Ct. Rec. 68), filed July 31, 2007, Plaintiffs, George and Peggy Dvorak, assert a common law

**ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT,** ***INTER ALIA*** **-1**

claim for defamation, a claim under the Washington Consumer Protection Act (WCPA), and claims under the federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681s-2(a)(1)(A) and (B) and (b).  Plaintiffs allege that Defendant, AMC Mortgage Services, Inc., falsely reported that Plaintiffs discharged their mortgage debt in bankruptcy and this injured the Plaintiffs' credit rating.  Plaintiffs further allege that Defendant charged them a higher payoff amount than was owing.

## II. FACTS

On November 22, 2004, Plaintiffs took out a home mortgage loan with Ameriquest Mortgage Company (Ameriquest) that was secured by their home in Pasco, Washington.

Defendant, AMC Mortgage Services, Inc. (AMC), is an entity that administers and services loans for lenders or their assignees.  Ameriquest entered into a servicing agreement with AMC with respect to Plaintiffs' loan.

On February 25, 2005, Plaintiffs filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of Washington.

Ameriquest was listed as a secured creditor in Schedule D of the Petition as the owner of the subject home mortgage loan.

AMC, in its capacity as servicer of the loan, was notified of Plaintiffs' bankruptcy filing on March 10, 2005, by the bankruptcy court.

On June 20, 2005, the bankruptcy court entered an order granting the Plaintiffs a discharge under the bankruptcy code and closing their bankruptcy case.

A reaffirmation agreement was not filed with the bankruptcy court prior to the discharge.

On or about June 21, 2005, AMC received a copy of the discharge in Plaintiffs' bankruptcy case.

AMC noted in its files that Plaintiffs' mortgage loan was included in their

**ORDER GRANTING MOTION FOR**
**SUMMARY JUDGMENT, *INTER ALIA* -2**

Chapter 7 bankruptcy filing and discharge.

Pursuant to AMC's credit reporting policy, the information related to Plaintiffs' Chapter 7 bankruptcy filing was transmitted electronically to the credit reporting agencies.

The monthly credit reporting history related to Plaintiff's loan indicates that beginning in April 2005, AMC reported to the credit reporting agencies that Plaintiffs filed a petition for Chapter 7 bankruptcy. The report shows that AMC made the same report to the credit reporting agencies in May and June of 2005. Beginning in July 2005, AMC removed the bankruptcy indicator previously reported on Plaintiffs' loan.

On January 26, 2006, Plaintiffs contacted AMC to complain that their home mortgage loan was showing up on their credit report with a $.00 balance and an accompanying note that it had been discharged in their Chapter 7 bankruptcy.

On January 31, 2006, Plaintiffs again contacted AMC and indicated their bankruptcy filing did not include their home mortgage loan. Further, Plaintiffs indicated that the bankruptcy reporting was not allowing them to refinance with AMC.

On February 4, 2006, AMC sent a letter to Plaintiffs indicating a correction had been submitted by AMC to the credit reporting agencies.

During all relevant times, Plaintiffs continued to keep their mortgage loan with Ameriquest current and make timely payments on the same.

## III. SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Zweig v. Hearst Corp.*, 521 F.2d 1129 (9th Cir.), *cert. denied*, 423 U.S. 1025, 96 S.Ct. 469 (1975). Under Fed. R. Civ. P. 56, a party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505 (1986); *Semegen v. Weidner*, 780 F.2d 727,

**ORDER GRANTING MOTION FOR**
**SUMMARY JUDGMENT, *INTER ALIA* -3**

732 (9th Cir. 1985). Summary judgment is precluded if there exists a genuine dispute over a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248.

The moving party has the initial burden to prove that no genuine issue of material fact exists. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348 (1986). Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. The party opposing summary judgment must go beyond the pleadings to designate specific facts establishing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986).

In ruling on a motion for summary judgment, all inferences drawn from the underlying facts must be viewed in the light most favorable to the non-movant. *Matsushita*, 475 U.S. at 587. Nonetheless, summary judgment is required against a party who fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual disputes regarding other elements of the claim. *Celotex*, 477 U.S. at 322-23.

## IV. DISCUSSION

### A. "False" Information

The basis for Plaintiffs' FCRA claims, WCPA claim, and defamation claim is an allegation that Defendant falsely reported to credit reporting agencies that Plaintiffs' mortgage loan had been discharged in bankruptcy. This information was not false and for this reason alone, the Defendant is entitled to summary judgment on all of the aforementioned claims.

Plaintiffs' mortgage loan was discharged in bankruptcy because although Plaintiffs may have intended to reaffirm that loan, they did not reaffirm it per the procedures specified in the U.S. Bankruptcy Code, 11 U.S.C. §524(c). Debts which

**ORDER GRANTING MOTION FOR**
**SUMMARY JUDGMENT, *INTER ALIA* -4**

1   are not reaffirmed are discharged in bankruptcy if they are listed on the bankruptcy

2   petition. *In re Lopez*, 345 F.3d 701, 707-710 (9th Cir. 2003). As long as the Plaintiffs

3   continued to make their payments on the mortgage loan, they were entitled to retain

4   their home, despite the non-existence of a reaffirmation agreement. *Id*. at 707.

5   Nevertheless, the mortgage loan had been discharged in bankruptcy and if the

6   Plaintiffs had stopped making payments, the Defendant could not have compelled

7   them to continue making payments, although the Defendant would have been entitled

8   to its collateral (the home). *Id*.

## B. FCRA Claims

Defendant is entitled to summary judgment on Plaintiffs' FCRA claims for additional reasons.

Plaintiffs concede that a claim under 15 U.S.C. §1681s-2(a) is not enforceable by a private cause of action. Enforcement of §1681s-2(a) is vested exclusively in federal and state officials. *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002).

Although §1681s-2(b) is subject to private enforcement, there is no evidence in the record that Defendant ever received notice of Plaintiffs' dispute **from a credit reporting agency** so as to trigger a duty of investigation. The plain language of §1681i(a)(2), to which §1681s-2(b) makes reference, requires that notice of the dispute be received from a credit reporting agency. In *Nelson*, the Ninth Circuit, at least implicitly, acknowledged this requirement. 282 F.3d at 1059-60. Furthermore, a number of district courts, in this circuit and elsewhere, have made it clear that a §1681s-2(b) claim requires a credit reporting agency to have supplied the defendant (i.e., the "person" who has furnished information to the agency) with the information which the agency has been supplied by the "consumer" regarding the dispute. *Woods v. Protection One Alarm Monitoring, Inc.*, ___ F.Supp.2d ___, 2007 WL 2391075 (E.D. Cal. 2007) at *6 ("Title 15 U.S.C. §1681s-2(b) sets out duties of furnishers of

**ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT, *INTER ALIA* -5**

information upon receipt of notice from a consumer reporting agency of a dispute as to information"); *Arikat v. JP Morgan Chase & Co.*, 430 F.Supp.2d 1013, 1023-24 (N.D. Cal. 2006), citing *Nelson*, 282 F.3d at 1059-60("A 'furnisher' of credit information is one who provides credit information to consumer reporting agencies. A furnisher is liable under the FCRA only if it does not respond to formal notice of a consumer dispute from a consumer reporting agency"); *Roybal v. Equifax*, 405 F.Supp.2d 1177, 1180 (E.D. Cal. 2005)(private right of action against furnisher of credit information exists only if the consumer notifies the credit reporting agency in the first instance; furnisher's duty to investigate does not arise until the furnisher receives notice of the dispute from the credit reporting agency directly); *Betts v. Equifax Credit Information Services, Inc.*, 245 F.Supp.2d 1130, 1134 (W.D. Wash. 2003)(for §1681s-2(b) purposes, "[t]he threshold question is whether Topco ever received notice of a dispute from Equifax . . . [h]aving received notice, Topco was obligated to comply with §1681s-2(b)(1)"); *Yelder v. Credit Bureau of Montgomery, L.L.C.*, 131 F.Supp.2d 1275, 1289 (M.D. Ala. 2001)("[A] furnisher of information has no duty under §1681s-2(b) until a consumer reporting agency, and not a consumer, provides notice to the furnisher of information in dispute); *DiMezza v. First USA Bank, Inc.*, 103 F.Supp.2d 1296, 1299 (D. N.M. 2000)("[U]pon receiving notice of a dispute from a consumer reporting agency, the furnisher of information" must comply with the duties set forth in §1681s-2(b).

### C.  WCPA Claim And Common Law Defamation Claim

Defendant is also entitled to summary judgment on Plaintiffs' WCPA and common law defamation claims.  Those claims are preempted by the FCRA because they are based  upon the same facts alleged by Plaintiffs in support of their FCRA claims.

15 U.S.C. §1681t(b)(1)(F) provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter

**ORDER GRANTING MOTION FOR**
**SUMMARY JUDGMENT,** *INTER ALIA* **-6**

1   regulated under . . . section 1681s-2 of this title, relating to the responsibilities of

2   persons who furnish information to consumer reporting agencies . . . ."  Another

3   preemption provision,  15 U.S.C. §1681h(e), states:

> Except as provided in section 1681n and 1681o of this title, no
> consumer may bring any action or proceeding in the nature of
> defamation, invasion of privacy, or negligence with respect to
> the reporting of information against any consumer reporting
> agency, any user of information, or any person who furnishes
> information to a consumer reporting agency, based on information
> disclosed pursuant to section 1681g, 1681h, or 1681m of this title,
> or based on information disclosed by a user of a consumer report
> to or for a consumer against whom the user has taken adverse
> action based in whole or part on the report except as to false
> information furnished with malice or willful intent to injure
> such consumer.

        Nationwide, three different approaches have been used in an attempt to

reconcile §1681t(b)(1)(F) with §1681h(e).  District courts in the Ninth Circuit have

employed two of those approaches, with the majority of courts holding that the FCRA

preempts state statutory and common law causes of action which fall within the

conduct proscribed under §1681s-2."  *Woods*, 2007 WL 2391075 at *9, citing *Trout*

*v. BMW of North America*, 2007 WL 602230 (D. Nev. 2007); *Roybal*, 405 F.Supp.2d

at 1179-80; *Cisneros v. Trans Union, LLC*, 293 F.Supp.2d 1167, 1174, 1177 (D.

Hawaii 2003); and *Davis v. Maryland Bank, N.A.*, 2002 WL 32713429 (N.D. Cal.

2002).

        Some district courts have determined that §1681t(b)(1)(F) does not preempt

common law tort claims.  One group of these courts reasons that §1681t(b)(1)(F)

applies to state statutes only, and that §1681h(e) applies to common law torts.

*Woods*, 2007 WL 2391075 at *8.  Another group of these courts holds that §1681h(e),

as the specific preemption clause, trumps the more general language of

§1681t(b)(1)(F).  Thus, if the consumer properly alleges malice on the part of the

furnisher of credit information, the FCRA does not preempt a common law claim for

defamation.  *Id.*  In *Gorman v. Wolpoff & Abramson, LLP*, 370 F.Supp.2d 1005, 1009

(N.D. Cal. 2005), the court held that §1681h(e) preempts only defamation actions that

**ORDER GRANTING MOTION FOR**
**SUMMARY JUDGMENT,** *INTER ALIA* **-7**

do not allege malice or willful intent to injure.  Therefore, in *Gorman*, the plaintiff's libel claim was not preempted by the FCRA because it alleged malice or intent to injure, "even if it would otherwise be preempted by §1681t(b)."  *Id.* at 1009-10.  The court noted that §1681h(e) is a more specific statute which preempts only a limited number of common law torts rather than all state claims that regulate furnishers of information to credit reporting agencies.  As a result, §1681t(b) needs to yield if it involves the same subject matter as §1681h(e).  *Id.* at 1010.

Under either the *Gorman* approach, or the approach of the majority of the district courts in the Ninth Circuit,  Plaintiffs' WCPA claim is preempted.  This is a statutory state law claim and §1681h(e) makes no reference to such claims.  Instead, it refers exclusively to common law causes of action.  Plaintiffs' WCPA claim is preempted by §1681t(b)(1)(F) which states that "[n]o requirement or prohibition may be imposed **under the laws of any State** . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to credit reporting agencies . . . ."  (Emphasis added).

The *Gorman* approach would not result in preemption of Plaintiffs' common law defamation claim since Plaintiffs allege malice or willful intent to injure in conjunction with that claim.  This court, however, agrees with the approach of the majority of the district courts in the Ninth Circuit that the FCRA preempts state statutory and common law causes of action which fall within the conduct proscribed under §1681s-2.  Since the alleged conduct that is the basis of the Plaintiffs' common law defamation claim is the same conduct that is the basis of their FCRA claims, the defamation claim is preempted, regardless of whether malice or willful intent to injure is alleged.  This is in the nature of a "complete (jurisdictional) preemption" because the state law claims are treated essentially as FCRA claims.  The FCRA claims replace the state law claims which are based on the same conduct.

**ORDER GRANTING MOTION FOR**
**SUMMARY JUDGMENT, *INTER ALIA* -8**

**D.  Common Law Claim Re Overcharge On Payoff Amount**

Defendant's motion for summary judgment, filed on April 25, 2007, does not address this claim since the claim was not made until Plaintiffs, with leave of the court, filed their Second Amended Complaint on July 31, 2007.  Preemption is not an issue with regard to this claim as it is not conduct covered by the FCRA.

Because the court is granting summary judgment on the FCRA claims, and finds the WCPA claim and the common law claim for defamation are preempted by the FCRA, the court declines to exercise supplemental jurisdiction with regard to the overcharge claim.  The overcharge claim will be dismissed without prejudice pursuant to 28 U.S.C. §1367(c) on the basis that the court has dismissed all claims over which it has original federal jurisdiction (the FCRA claims).  The overpayment claim can be reasserted in state court.

**V.  CONCLUSION**

Defendant's Motion For Summary Judgment (Ct. Rec. 29) is **GRANTED**.  The Defendant is awarded judgment on Plaintiffs' FCRA claims, as well as on their WCPA and common law defamation claims.  The Plaintiffs' overcharge claim is **DISMISSED without prejudice**.

**IT IS SO ORDERED**.  The District Executive is directed to enter judgment accordingly and forward copies of the judgment and this order to counsel.

**DATED** this   26th   of November, 2007.

**s/Lonny R. Suko**
_____
LONNY R. SUKO
United States District Judge

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT, *INTER ALIA* -9**